CHARLES W. RUSSELL *vs.* HORACE A. LATHROP.

Norfolk.　Jan. 26. — March 5, 1875.　AMES & ENDICOTT, JJ., absent.

In an action on a contract, whereby the defendant agreed to pay the plaintiff a certain sum as soon as the owner of letters patent should obtain a decree or judgment establishing the validity of his patent, and the plaintiff agreed to use his best endeavors to aid in establishing the patent; the plaintiff put in evidence that after the date of the contract a decree that the bill should be taken *pro confesso* had been entered in a suit in equity brought to restrain the use of the invention described in the letters patent. The defendant then offered evidence tending to show that before the contract was signed, the plaintiff in this action assisted in the defence of the equity suit, and gave a deposition tending to impeach the validity of the patent, and that an arrangement was made by which the suit was to be settled the defendants to be licensed, and other infringers to be proceeded against; that these facts were known to the plaintiff in this action, and the contract was then entered into; that the decree above stated was then made, and no further decree

was passed in the case. *Held*, that this evidence was admissible. *Held, also,* tha the liability to pay the sum stated did not arise by reason of any decree which might be made in the suit which had been settled when the contract was made.

WRIT OF REVIEW of a judgment recovered by the defendant in review against the plaintiff in review on the following contract in writing, dated January 22, 1870, and signed by the plaintiff in review and James T. Frary:

"It is agreed between H. A. Lathrop of Sharon, and James T. Frary and Charles W. Russell of New York, that for services heretofore rendered by said Lathrop to said Frary and Russell, they shall procure from the Lamson & Goodnow Manufacturing Company for him a license to manufacture at his said Lathrop's works, in Sharon, aforesaid, and not elsewhere, and sell three thousand dozens of cutlery, under the patent granted to Joseph W. Gardner in 1859, and assigned to the said company during the unexpired term of said patent; which license the said Lathrop has applied to and requested the said Frary and Russell to procure for him from said company; and further, that they will pay the royalty charged for said license by said company; and they also agree to pay said Lathrop three thousand dollars when and as soon as said company shall have obtained a decree or judgment establishing the validity of said patent; and said Lathrop agrees that he will use his best endeavors to aid in establishing the validity of said patent whenever he shall be called upon to do so by said Frary and Russell, or said company."

Trial in the Superior Court, before *Wilkinson,* J., who ordered a verdict for the defendant in review; and the plaintiff in review alleged exceptions. The facts are stated in the opinion.

*C. Allen,* for the plaintiff in review.

*A. Churchill,* for the defendant in review.

MORTON, J. In the original action the plaintiff sought to recover three thousand dollars under a written contract signed by Russell and Frary. The point of the contract on which he relied is as follows: "And they also agree to pay said Lathrop three thousand dollars when and as soon as said company shall have obtained a decree or judgment establishing the validity of said patent; and said Lathrop agrees that he will use his best endeavors to aid in establishing the validity of said patent, when-

ever he shall be called upon to do so by said Frary and Russell, or said company."

The execution of the contract was admitted, and the only question was, whether the contingency had happened in which the obligors were bound to pay the three thousand dollars to Lathrop. It appeared at the trial, that before this contract was made, the Lamson & Goodnow Manufacturing Company had brought three suits in equity against J. Russell & Co., Landers, Frary & Co., and Clement, Hawks & Co., respectively, to restrain them from using the invention described in the letters patent referred to in said agreement.

The several defendants united in defending these suits, and Lathrop assisted in the defence, and gave a deposition tending to impeach the validity of the patent.

The parties to these suits made an arrangement by which the suits were to be settled, the several defendants were to be licensed to use the invention, and the owners of the patent were to proceed with reasonable diligence to restrain all others from using it, unless licensed to do so, with the written consent of two of the defendants. These facts were known to Lathrop, and under these circumstances the contract sued on was made. After the contract was made, in pursuance of the above arrangement an order was entered in each of the three suits in equity, by consent of parties, that the bill might be taken *pro confesso*, but no further decree was ever passed in either of them.

The defendant in review objects that these facts were not admissible; but we think they are competent to explain the situation of the parties, and thus to aid the court in applying and construing the language of the contract.

It is clear that in the stipulation of the contract that the obligors shall "pay said Lathrop three thousand dollars when and as soon as said company shall have obtained a decree or judgment establishing the validity of said patent," the parties did not contemplate any formal decree to be entered in the pending suits. These suits were settled, and any order or decree which might be made in them would be merely formal. The stipulation that Lathrop should "use his best endeavors to aid in establishing the validity of said patent," shows that proceedings against other infringers were contemplated; it could not have been intended to apply to the pending suits.

Construing this contract in the light of the situation of the parties, we are of opinion that it was not their intention that the liability to pay to Lathrop three thousand dollars under it should arise by reason of any decree which might be made in these pending suits, and that, therefore, the original plaintiff, Lathrop, failed to show any breach of contract by the defendant.

In the view we take of the contract, it is not necessary to consider whether an order that a bill be taken *pro confesso*, if made in a suit brought by the company against other infringers, without any other decree or judgment, would be, within the meaning of the contract, "a decree or judgment establishing the validity of" the patent.     *Exceptions sustained.*